IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CINCINNATI INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 06-cv-1035-MJR |
| | ) |
| TAYLOR-MORLEY, INC., et al. | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

REAGAN, District Judge:

This lawsuit arises out of a property development named "Olde Lantern Estates" located within this Judicial District. The case comes now before this Court on a fully-briefed motion to dismiss or stay (Doc. 8). An overview of the procedural history of this litigation aids resolution of that motion.

In February 2005, seven homeowners (Joseph Findley, Heather Findley, Timothy Hoestermann, Debra Hoestermann, Norma Hoestermann, Mark Ratliff and Vivian Ratliff) sued real estate developer Taylor-Morley, Inc. in the Circuit Court of St. Clair County (St. Clair County Case No. 05-L-1025). The homeowners alleged that Taylor-Morley breached contractual obligations and made false representations about the development. According to the homeowners, Taylor Morley represented that the homes would be constructed around a championship golf course but then failed to construct any golf course, quit actively selling lots in the development, and made other changes which adversely affected the value of the properties in Olde Lantern.

In January 2006, Taylor-Morley removed the lawsuit to this District Court, where it was randomly assigned to the undersigned Judge (Case No. 06-cv-0078-MJR). After jurisdictional issues were briefed, the undersigned Judge found removal untimely. So, the case was remanded to St. Clair County Circuit Court on February 28, 2006. The remand Order concluded (Case 06-cv-0078, Doc. 13, pp. 2-3):

> Plaintiffs' state court complaint sought damages "in an amount to be determined at trial".... The removal notice suggests that Taylor Morley only learned that the amount in controversy exceeded $75,000 after being served with discovery responses in December 2005. Plaintiffs vehemently dispute this....
>
> 28 U.S.C. § 1446(b) requires that the removal notice be filed within 30 days after the defendant receives a pleading or paper from which it may be ascertained that the case is removable. Based on the demand letter and the complaint, Taylor Morley knew that Plaintiffs sought hundreds of thousands of dollars ... many months before they received discovery responses in December 2005. Taylor Morley's January 27, 2006 removal was not timely. Because this Court lack subject matter jurisdiction, it grants Plaintiffs' motion ... and REMANDS this case to the Circuit Court of St. Clair County, Illinois.

On December 21, 2006, Cincinnati Insurance Company – who had issued four insurance policies to Taylor-Morley – filed suit in this District Court (Case No. 06-cv-1035-MJR), seeking a declaration that Cincinnati has no duty to defend or indemnify Taylor-Morley in the underlying St. Clair County lawsuit (brought by the seven homeowners). Cincinnati's declaratory judgment action asserts that the applicable policies provide no coverage, because the state court complaint does not plead an "occurrence" (Count I), the underlying lawsuit alleges no "bodily injury" (Count II), the underlying lawsuit alleges no "property damage" (Count III), the underlying lawsuit does not raise issues of

"personal injury" or "advertising injury" (Count IV), and multiple exclusions bar coverage of the underlying lawsuit (Count V).

Cincinnati invokes subject matter jurisdiction under the federal diversity statute, 28 U.S.C. § 1332. The named parties in this declaratory judgment action are completely diverse: Cincinnati Insurance is an Ohio citizen, Taylor-Morley is a Missouri citizen, and the homeowners are Illinois citizens. The amount in controversy easily suffices, so diversity jurisdiction lies.

Now before the Court is Defendant Taylor-Morley's January 24, 2007 motion to dismiss, or alternatively to stay, this case. The gist of the motion is that dismissal or stay is warranted, due to the pendency of a parallel state court action <u>in Missouri,</u> between the same parties, seeking a declaration of rights under the same insurance policies. The parallel **Missouri** case, filed in the Circuit Court of St. Louis County, Missouri, is styled *Taylor-Morley, Inc. v. Cincinnati Insurance Company, et al. (*Case No. 06-CC-005114).

Taylor-Morley contends that the question posed in the Missouri state court action is *identical* to the question posed in this declaratory judgment action (do the applicable policies provide coverage for the homeowners' claims?), the parties are identical (Cincinnati as the insurer, Taylor-Morley as the insured, the homeowners essentially as *amicus* to Taylor-Morley), and the issues to be decided rest on state law (Missouri law of contract interpretation). On these grounds, Taylor-Morley asks the undersigned Judge to dismiss or stay the above-captioned declaratory judgment suit,

3

under the abstention doctrines delineated in *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942), *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995), and *Nationwide Ins. v. Zavalis*, 52 F.3d 689, 692 (7th Cir. 1995).

The principles governing a federal district court's decision to stay a case pending completion of parallel state litigation are well-established. *Sverdrup Corp. v. Edwardsville Community Unit School District No. 7*, 125 F.3d 546, 549 (7th Cir. 1997). The starting point is the general proposition that federal courts have a "virtually unflagging obligation" to exercise the jurisdiction conferred on them by Congress. *Colorado Water Conservation District v. United States*, 424 U.S. 800, 817 (1976). Only the clearest of justifications warrants abstention in favor of a concurrent state court proceeding. *Sverdrup* 125 F.3d at 549, *citing Colorado Water*, 424 U.S. at 819.

However, federal courts can abstain from exercising jurisdiction over a *declaratory judgment action,* if a parallel state court proceeding is underway which encompasses the same coverage issues raised in the federal action. *Sta-Rite Industries, Inc. v. Allstate Ins. Co.*, 96 F.3d 281, 287 (7th Cir. 1996), *citing Wilton*, 515 U.S. 277, and *Brillhart,* 316 U.S. 491.

The Seventh Circuit has explained:

> The express holding in *Wilton* is that a district court has discretion, as defined in *Brillhart*..., to stay or dismiss a declaratory judgment action during the pendency of parallel state court proceedings....

*Sta-Rite*, 96 F.3d at 287.

4

Critical to the propriety of abstention, though, is the pendency of the parallel proceeding *in state court*. As the Supreme Court stressed in *Wilton*, 515 U.S. at 290: "the District Court acted within its bounds in staying this action for declaratory relief where parallel proceedings, presenting opportunity for ventilation of the same state law issues, were underway in state court." By contrast, in the case at bar, there no longer *is* any pending state court proceeding raising these coverage issues. On February 9, 2007, the Missouri state court case was removed to United States District Court for the Eastern District of Missouri (Case No. 07-cv-0300), where it now is pending before the Honorable Jean C. Hamilton.

Because there is no parallel *state court* proceeding at this time, abstention is not appropriate.[1] Accordingly, the Court **DENIES** Taylor-Morley's January 24, 2007 motion to dismiss, or in the alternative, stay this case (Doc. 8).

IT IS SO ORDERED.

DATED this 15th day of March 2007.

                      s/ Michael J. Reagan
                      MICHAEL J. REAGAN
                      UNITED STATES DISTRICT COURT

---

[1] Taylor-Morley notes in the March 12th reply brief (Doc. 29) that Judge Hamilton could remand her case to Missouri state court. If that occurs, Taylor-Morley can simply re-file its motion to dismiss or stay this action.